RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 0 7 2018

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

Jane Doe

v.

Atlanta Center for Self Sufficiency, Inc.,
Broderick Stephen Harvey dba Steve Harvey,
Yolanda Adams, Shaffer Smith, Tamar Braxtonher,
Deion Sanders, Ayowale Banji Oyebisi, Tamia Hill,
Ulrich Alexander Fox, Sean Combs, Marlon Wayans,
Jada Pinkett Smith, Cobb County, City of Atlanta, DeKalb County,
City of Dunwoody, City of Brookhaven, and Does 1 -100

# 1:18-CV-4260

Civil Action File No.:
**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Jane Doe alleges and states the following in her complaint against Defendants, pleading hypothetically and in the alternative:

1.

This is an action for money damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1981, the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution, and under the law of the State of Georgia, against Defendants in their individual and official capacities and against Cobb County, the City of Atlanta, DeKalb County, the City of Brookhaven, and the City of Dunwoody.

2.

Plaintiff Jane Doe alleges that Defendant Harvey has harassed, stalked, and violated Plaintiff's privacy through the use of a private investigator as well as other means without justification of any kind for doing so other than out of malice and spite because Plaintiff indicated to Defendant that he was "ignorant" in reference to other actions Defendant Harvey was engaged in that were directed at Plaintiff, which were actions that exposed Defendant Harvey to legal liability. As a result of the private investigator being hired, the activity inside of Plaintiff's prior residence was illegally surveilled, with a similar type of illegal surveillance used on one of Plaintiff's prior vehicles and a current vehicle. Plaintiff's prior landlines and current cell phones have also been illegally monitored, with Plaintiff's phone numbers, in certain instances, showing on a receiving party's caller identification as a different phone number and name other than Plaintiff's phone number and name. Plaintiff's personal computer was also being illegally

monitored with Defendant Harvey and many of his other media personality colleagues illegally reading Plaintiff's e-mails and text messages. Defendants have mimicked the sounds being illegally surveilled from inside of Plaintiff's prior residence along with repeating and responding to Plaintiff's phone conversations, e-mails, and text messages that Defendants were not a party to. Plaintiff has also regularly been followed with individuals showing up in places were Plaintiff was located and approaching Plaintiff.

## JURISDICTION AND VENUE

3.

This Court has federal question jurisdiction and diversity of citizenship jurisdiction over Plaintiff's cause of action pursuant to 28 U.S.C. Sections 1331 and 1332. Moreover, this cause of action arises under the United States Constitution as well as 42 U.S.C. Sections 1981 and 1983.

## PARTIES

4.

Plaintiff Jane Doe is a private citizen who, at all relevant times, has been a resident of Georgia.

5.

Defendant Atlanta Center for Self Sufficiency, Inc. Is a nonprofit organized and existing under the laws of the State of Georgia.

6.

Defendant Broderick Harvey is a media personality who, at all relevant times, has been a resident of Fulton County, Georgia.

7.

Does 1 – 100 are all other harassing parties including public employees, private citizens, and public figures.

## COUNT I
### Harassment in Violation of O.C.G.A. 16-5-90(a)(1)

8.

Defendants have knowingly and willfully engaged in an ongoing course of conduct directed at Plaintiff which causes emotional distress and establishes a pattern of intimidating behavior which serves no legitimate purpose other than to place Plaintiff in reasonable fear for Plaintiff's personal safety. This includes, but is not limited to, having third parties to approach Plaintiff making inappropriate comments regarding this harassment as well as showing up at the location of Plaintiff's vehicle.

## COUNT II
### Stalking

9.

Defendants have had Plaintiff followed on an ongoing, regular basis, placed Plaintiff under illegal surveillance, contacted other persons and/or places about Plaintiff without Plaintiff's consent to do so for the purpose of harassing and intimidating Plaintiff.

## COUNT III
### Wiretap Act Violations 18 U.S.C. Section 2510 and O.C.G.A. 16-11-60
10.

In violation of the Wiretap Act, Plaintiff became aware that her calls were being illegally monitored when Defendant Harvey and his colleagues would repeat and respond to Plaintiff's phone calls.  As a result, Plaintiff has had to change phones, phone numbers, and e-mail addresses multiple times.  When Plaintiff first called the phone company from Plaintiff's home phone regarding Plaintiff's landline after initially becoming aware of Defendant's illegal activity, Plaintiff was advised by a phone company representative that Plaintiff's landline was showing as a different phone number and name other than Plaintiff's phone number and name.  This information was provided to the Cobb County Sheriff's Office.  Subsequently, there were similar occurrences with one of Plaintiff's cell phone numbers whereby Plaintiff's cell phone would show on a receiving party's caller identification as a different phone number and name other than Plaintiff's phone number and name.  The FBI was notified of these occurrences.

Plaintiff began reporting the above-referenced occurrences in 2009, and is currently still experiencing unauthorized access to her phone lines by Defendants despite changing phone carriers, phones, and phone numbers.

## COUNT IV
### 42 U.S.C. Sections 1983 and 1981
11.

Plaintiff re-alleges and incorporates by reference paragraphs 1-10.

12.

Plaintiff claims damages under 42 U.S.C. sections 1983 and 1981 for the injuries set forth above against Defendants for violation of her constitutional rights under color of law.

## COUNT V
### Malicious Prosecution
13.

Plaintiff was living in Cobb County when these harassing actions began.  Each time Plaintiff called the Cobb County Police Department, there were deliberate attempts to marginalize and

discredit Plaintiff because of the knowledge and involvement of police officers in facilitating the harassment. In one instance, when Plaintiff called the police in November of 2009 after realizing that Plaintiff's neighbor had been used to take photos of Plaintiff that were circulated among the Defendants with the Defendants commenting on them, the police officer responding to the call tried to talk Defendant out of filing a police report.

On October 22, 2010, Plaintiff went to CBS Radio Station V-103, which was the radio station that began calling Plaintiff's house when the harassment began and has been actively involved in a lot of improprieties, Plaintiff called 911 requesting a report for the harassing actions. Defendant Mack is the City of Atlanta police officer who was dispatched to the scene to take the report. Defendant Mack attempted to conceal the harassing actions by refusing to file a report. Defendant Mack also lied to Sergeant Hall stating that the harassing parties were helping the Plaintiff. This is also important because the Cobb County Police Department previously attempted to maintain the knowingly false assertion that the harassing parties did not know Plaintiff's identity.

Plaintiff subsequently went to Media One/Radio One, the radio station broadcasting Defendant Harvey and Defendant Adams and called 911 for a report to be filed for the same reasons. The City of Atlanta police officer who came out assured Plaintiff that a report would be written and provided Plaintiff with a report number, however, when going to pick up a copy of the report Plaintiff was advised that no report had been written.

Defendant Mack later lied stating that Plaintiff damaged Defendant Mack's personal vehicle.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A.  Enter judgment in favor of Plaintiff and against Defendants;
B.  Enter an order declaring Defendants conduct unconstitutional;
C.  Award Plaintiff compensatory and punitive damages against Defendants;
D.  Award Plaintiff's counsel reasonable attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 and any other applicable provisions of law
E.  Grant to Plaintiff such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the United States Constitution, as to all claims for damages.

Respectfully submitted this 7th day of September, 2018.

Plaintiff

P.O. Box 18550

Atlanta, GA 31126

E-mail:  illegalharassment2@gmail.com